| | |
|---|---|
| JANIE SMITH, f/k/a JANIE VINCENT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CALSONIC KANSEI NORTH AMERICA, ) <br> INC., ) <br> ) <br> Defendant. ) | 4:09-CV-24 <br> *Mattice / Lee* |

## ORDER

Before the Court is the motion of Calsonic Kansei North America ("Defendant" or "CKNA") to disallow portions of expert witness testimony [Doc. 18]. The three expert witnesses whose testimonies are at issue are Dr. Fishbein, a retained expert, and Drs. Adams and O'Brien, Plaintiff's treating physicians.

Plaintiff's expert disclosures indicate she may offer testimony from all three witnesses regarding Plaintiff's "ability to perform various jobs at [CKNA] given her medical condition and limitations . . . ." Defendant argues that Plaintiff cannot properly offer expert testimony regarding the "various jobs" at CKNA because she did not provide adequate expert witness reports. *See* Fed. R. Civ. P. 26(a)(2)(B).[1] Defendant argues further that Plaintiff's experts are not qualified to testify about the "various jobs" at CKNA because they had no access to information about job requirements at CKNA. Plaintiff's response clarifies that she does not intend to have any of her experts testify about specific positions at CKNA other than the California Bay Line, which Plaintiff worked prior

---

[1] At the hearing on the motion, Plaintiff, through counsel, represented that her treating physicians, if they testify at all, will only testify as treating physicians, not retained experts subject to providing an expert report.

to the events giving rise to this litigation.

At the hearing, the parties both represented that they do not intend to depose any of these witnesses before trial. Insofar as Defendant's motion sought to limit the scope of discovery, therefore, the motion [Doc. 18] is **DENIED AS MOOT**. Thus, it appears the only (potential) dispute concerning expert testimony involves the admissibility of the anticipated testimony at trial. This order does not address any issues of admissibility of anticipated testimony at trial nor does it preclude CKNA from filing a further motion to address any admissibility issues.

SO ORDERED.

ENTER:

s/<i>Susan K. Lee</i><br>
SUSAN K. LEE<br>
UNITED STATES MAGISTRATE JUDGE